SAVOY, Judge ad hoc.
This suit was instituted by plaintiff under the provisions of the Workmen’s Compensation Act of this State against the insurer of his employer for total and permanent disability at the maximum rate, together with the maximum medical allowance, and also for attorney fees and penalties, and subject to a credit for compensation payments made by defendant.
For a cause of action plaintiff alleged that while working for American Pipe Coating Company on October 22, 1958, and performing duties out of and during the course and scope of employment, he suffered an accident when he was crushed between two large steel pipes having a diameter of approximately two feet. Plaintiff states that as a result of the accident he suffered physical injuries, particularly in the area of the chest; that certain compensation payments have been made to plaintiff by defendant; that compensation was terminated on December 1, 1958, and since that date defendants have refused to make further payments.
Defendant filed an answer admitting the accident and stated that it paid plaintiff compensation at the rate of $32.50 for a period commencing October 22, 1958, and ending December 11, 1958; that the compensation payments were terminated on the advice of its physician, Dr. J. B. Hargroder, that plaintiff was able to go back to work and do his regular job.
On the issue of disability, the case was tried. After the completion of the trial, the district judge dismissed plaintiff’s suit and this appeal followed.
The only issue to be decided on appeal is whether plaintiff is totally and permanently disabled, as contemplated by the Workmen’s Compensation Act.
The trial judge held that plaintiff and one of his witnesses, Chester Bennett, testified falsely while on the stand. Both witnesses testified that plaintiff had not worked since the accident, whereas William N. Carter, Jr., and John Demarest testified that plaintiff had done hard manual labor for both of them. The trial judge stated that since most of the symptoms complained of by the plaintiff were subjective and that since Dr. Fey, medical expert for plaintiff, relied on these subjective signs in forming his opinion, his testimony was nullified because of the false testimony given. The trial judge also considered the testimony of the medical experts for defendant, namely, Dr. J. B. Hargroder and Dr. Robert O. Emmett.
After reading the testimony in the case at bar, the Court is of the opinion, as was the trial judge, that plaintiff and his witness, Charles Bennett, testified falsely when each stated that plaintiff had not worked since the accident. This testimony was impeached by the testimony of Carter and Demarest to the effect that plaintiff worked for both of these men on four or five occasions and that he performed hard manual labor, baling hay and cutting ditches, without any complaint of pain. The general rule of law is that the test of recovery in a compensation case is not veracity, but disability. Johnson v. Calcasieu Paper Company, La.App., 1 Cir., 1957, 95 So.2d 659. The trial judge in the Johnson case, supra, is the trial judge in the case at bar.
To arrive at a solution to the problem, the Court will have to analyze the medical testimony.
*381 Dr. William P. Fey testified on behalf of plaintiff. Drs. J. B. Hargroder and Robert O. Emmett testified for defendant.
Dr. Fey testified that he was specializing in general and thoracic surgery. Dr. Fey was not certified by the American Board of Surgery or the American College of Surgeons. Dr. Fey first examined plaintiff on or about April 28, 1959, and July 5, 1959. He found a small tender mass located laterally to the right 'of the sternum at the level of the fourth rib. Said mass or lump was tender. The large muscles of the chest wall on the right side appeared to be somewhat larger and fuller as compared to the left side. A second examination was made by Dr. Fey on November, 1959, with essentially the same results. The mass was found to be one inch by one and one-half inch. Dr. Fey recommended an exploratory operation which he classified as minor.
Dr. Robert O. Emmett was qualified as a general surgeon. He was certified as such by the American Board of Surgery and also as a Fellow of the American College of Surgery. After making a physical examination of plaintiff and X-rays of his chest, Dr. Emmett could find nothing wrong with plaintiff and was of the opinion that he could be gainfully employed.
Dr. Hargroder was qualified as a general practitioner. He first saw plaintiff on October 27, 1958. He found plaintiff had contusions over the upper back and the anterior chest wall. Dr. Hargroder discharged plaintiff as able to do his regular work as a regular day laborer on December 6, 1958.
Considering the medical testimony as a whole, this Court is of the opinion that plaintiff has not proven his disability by a preponderance of the evidence.
This case is not unlike that of Richard v. Barber Brothers Company, La.App. 1 Cir., 1959, 112 So.2d 168, 171, in which the Court said':
“But the trier of fact herein, viewing plaintiff’s lack of credibility as determinative in a resolution of conflicting medical testimony which essentially depended upon whether plaintiff’s complaints were genuine or feigned, found that plaintiff had not proved his continued disability by a preponderance of the evidence.”
For the reasons assigned, the judgment of the lower court is affirmed.
Affirmed.